67 F.3d 317
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nathaniel C. DOUGLASS, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 95-3455.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1995.
 
 Before SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 Nathaniel C. Douglass, Jr. moves for reconsideration of the court's August 23, 1995 dismissal order and to stay his case pending the court's final disposition of Krizman v. Merit Sys. Protection Bd., 95-3288. The Postal Service moves (1) to reform the caption to designate the Merit Systems Protection Board as respondent, (2) for leave to intervene, and (3) to stay the briefing schedule pending the court's final disposition of Krizman.* All motions are unopposed.
 
 
 2
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 3
 (1) Douglass's motion for reconsideration is granted. The August 23, 1995 dismissal order is vacated, the mandate is recalled, and the petition is reinstated.
 
 
 4
 (2) The Postal Service's motion to reform the caption and the motion for leave to intervene are held in abeyance.
 
 
 5
 (3) Until the motion to reform the caption is decided, the court sua sponte allows the Board to intervene. The revised official caption is reflected above.
 
 
 6
 (4) Douglass and the Postal Service's motions to stay the briefing schedule are granted.
 
 
 7
 (5) The Board is directed to inform the court within 45 days of the court's decision in Krizman.
 
 
 8
 (6) A copy of this order will be transmitted to the merits panel assigned to Krizman.
 
 
 
 *
 We note that there are over one hundred cases pending before the court, involving the dismissal of appeals brought by former postal workers, where the Postal Service has moved or may be moving (1) to reform the caption, (2) for leave to intervene, and (3) to hold the briefing schedule in abeyance. Absent any objection, the court anticipates treating such motions in like manner